**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Walter Taieb,

        Plaintiff,

v.

Universal Music Publishing, Inc.,

        Defendant,

Case No. 2:25-cv-02626-APG-BNW

**ORDER**

Before this Court is Defendant's Motion to Stay Discovery. ECF No. 20. Plaintiff opposed the motion (ECF Nos. 23, 26 (errata)), and Defendant replied (ECF No. 25). The parties are familiar with the arguments. As a result, this Court does not repeat them. Instead, this Court will incorporate the arguments as necessary and relevant to this order.

## I.      Legal Standard

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). A court may, however, stay discovery under Fed. R. Civ. P. 26(c). The standard for staying discovery under Rule 26(c) is good cause.

The Ninth Circuit has not provided a rule or test that district courts must apply to determine if good cause exists to stay discovery. But it has identified one scenario in which a district court may stay discovery and one scenario in which a district court may not stay discovery. The Ninth Circuit has held that a district court may stay discovery when it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). The Ninth Circuit also has held that a district court may not stay discovery when discovery is needed to litigate the dispositive motion. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993).

Based on this Ninth Circuit law, district courts in the District of Nevada have applied the preliminary peek test to determine when discovery may be stayed. *See, e.g., Kor Media Group,*

*LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013). Under that test, the moving party must meet the following three requirements before the court will stay discovery pending a motion to dismiss: (1) the pending motion must be potentially dispositive; (2) the potentially dispositive motion must be capable of resolution without additional discovery; and (3) after taking a "preliminary peek" at the merits of the potentially dispositive motion, the court must be convinced that the plaintiff will be unable to state a claim for relief. *Id*. at 581. The point of the preliminary peek test is to "evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of [Federal] Rule [of Civil Procedure] 1." *Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597, 603 (D. Nev. 2011). This Court has found that the preliminary peek test can sometimes be problematic because it can be inaccurate and inefficient. *Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *3 (D. Nev. Oct. 14, 2021). Importantly, the application of the preliminary peek test as written (*i.e.*, the Court must be *convinced* after a superficial look at the dispositive motion that the plaintiff cannot state a claim), inevitably leads to few motions to stay discovery being granted, and those are typically baseless cases. *Id.* at * 3– 4.

This Court believes a more workable analytical framework exists for determining when motions to stay discovery should be granted. As a result, the test this Court considers is (1) whether the dispositive motion can be decided without further discovery, and (2) whether good cause exists to stay discovery.

Good cause may be established using the preliminary peek test, but it may also be established by other factors not related to the merits of the dispositive motion. For example, in many cases, the movant seeks a stay of discovery to prevent "undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). In those cases, the movant must establish what undue burden or expense will result from discovery proceeding when a dispositive motion is pending. While good cause may be established based on such non-merits-based considerations, the merits of the case may certainly also play a role in the analysis. In some cases, the merits of the dispositive motion may influence the decision even if the court is not "convinced" after taking a peek. Ultimately, guided by Fed. R. Civ. P. 1, the court is trying to determine "whether it is more just to speed the parties along in

discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay*, 278 F.R.D. at 603.

"The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

**II.    Analysis**

At the outset, this Court notes neither party argues that the pending dispositive motion requires discovery for its resolution.[1] The parties do disagree, nonetheless, as to whether there is good cause to stay discovery.

This Court finds good cause to stay discovery pending resolution of the motion to dismiss. This case involves, in Plaintiff's words, the systematic misappropriation of his ownership interests in copyrighted compositions for decades. ECF No. 23 at 9.

Defendant asserts Plaintiff seeks discovery spanning the course of three decades at the domestic and international level. ECF No. 20, Exhibit A-1. Given the amount of time that has passed, Defendant asserts it will face significant logistical hurdles and expenses in locating records and witnesses (both domestically and abroad). Plaintiff's willingness to limit discovery to issues surrounding damages does not cure the sequencing problem; until threshold dispositive and liability issues are resolved, damages discovery serves no practical purpose. Moreover, having reviewed the motion to dismiss, strong arguments support the dismissal of the complaint. In short, this Court finds good cause to stay discovery and that it is more just to delay discovery to accomplish the inexpensive determination of the case." *Tradebay*, 278 F.R.D. at 603.

**III.   Conclusion**

**IT IS THEREFORE ORDERED** that Defendant's motion to stay discovery (ECF No. 20) is **GRANTED**.

---

[1] While this Court recognizes that tolling arguments (which were raised by Plaintiff in his opposition to the motion to dismiss) are heavily dependent on facts, Plaintiff does not argue or suggest that discovery is needed.

**IT IS FURTHER ORDERED** that the Joint Proposed Discovery Plan and Scheduling Order (ECF No. 21) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that, if applicable, a new proposed discovery plana and scheduling order will be due 14 days resolution of the motion to dismiss.

**IT IS FURTHER ORDERED** that the hearing scheduled for February 23, 2026, is **VACATED.**

DATED this 23rd day of February 2026.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE